IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00185-BNB

AARON IVAN JORDAN,

    Plaintiff,

v.

CHRISTOPHER SLOAN, Aurora P.O. (Official Capacity),

    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Aaron Jordan, initiated this action on January 22, 2014, by filing *pro se* a Complaint (ECF No. 1).  On January 23, 2013, Magistrate Judge Boyd N. Boland found that the Complaint was deficient because Mr. Jordan is incarcerated and he must therefore file his pleading on the court-approved Prisoner Complaint form.  Plaintiff filed a Prisoner Complaint on February 20, 2014.  (ECF No. 5). He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

The Court must construe the Prisoner Complaint liberally because Mr. Jordan is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Jordan will be ordered to file an amended complaint.

Plaintiff brings a civil rights action pursuant to 42 U.S.C. § 1983 asserting a deprivation of his Fourth and Fourteenth Amendment rights.  Mr. Jordan alleges that he was subjected to the use of excessive force by Defendant Sloan during the course of an

unlawful arrest.  He alleges that on May 22, 2012, Defendant Sloan "violently threw [plaintiff]" inside the back of the police car during the course of an arrest, causing an injury to Mr. Jordan's knee.  Plaintiff further alleges that he had not broken any laws at the time he was arrested.  Instead, he was trying to locate his lost wallet.  Plaintiff seeks an award of damages.

Plaintiff's official capacity claim against Defendant Sloan, an Aurora police officer, is construed as a claim against the City of Aurora.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  To hold a municipality liable under 42 U.S.C.§ 1983, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).  Local government entities such as the City of Aurora are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.  *See Monell*, 436 U.S. at 694.  Accordingly, it is

ORDERED that Plaintiff, Aaron Ivan Jordan, file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Jordan shall obtain the Court-approved Prisoner Complaint form, along with the applicable instructions (with the assistance of his case

manager or the facility's legal assistant), at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Jordan fails to file an amended complaint **within thirty (30) days from the date of this order**, the deficient claims in the Complaint will be dismissed for the reasons discussed in this Order.

DATED March 7, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge