IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00185-REB-MJW

AARON IVAN JORDAN,

Plaintiff,

v.

CHRISTOPHER SLOAN, Aurora P.O.,

Defendant.

**REPORT & RECOMMENDATION**
on

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**
**(Docket No. 31)**

and

**ORDER TO SHOW CAUSE**
**(Docket No. 34)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the Court pursuant to an Order of Reference to Magistrate Judge issued by Judge Robert E. Blackburn on March 18, 2014 (Docket No. 14), and an order referring Defendant's Motion to Dismiss for Lack of Prosecution (Docket Nos. 31, 32). Plaintiff filed an objection to Defendant's motion on September 24, 2014 (Docket No. 33). The Court has carefully reviewed Defendants' motion and Plaintiff's response, taken judicial notice of the court's file, and considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

2

## Background

Plaintiff filed this excessive-force case against Defendant, the officer who arrested him, in January. Plaintiff was incarcerated at the Arapahoe County Detention Facility when he filed the suit, but he has been out of jail for four months now. He is pro se and proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under Local Civil Rule 8.1(b), Senior Judge Babcock summarily dismissed the case against Defendant's official capacity, but allowed the case to go forward against Defendant's individual capacity (Docket No. 13).

The undersigned set a status conference in April, at which Plaintiff failed to appear. The Court issued an order to show cause why the case should not be dismissed for failure to prosecute; that order was discharged when Plaintiff appeared at a Rule 16 Scheduling Conference in June (Docket Nos. 18, 19, 25).

Defendant now moves to dismiss this case based on Plaintiff's failure to prosecute. As support for the motion, Defendant states that:

- Plaintiff has a history of filing lawsuits in this Court, and taking appeals to the Tenth Circuit, only to have those cases dismissed based on Plaintiff's failure to comply with the rules of procedure and with court orders;

- Plaintiff has not made any initial disclosures, even though those disclosures were due by June 26th;

- Plaintiff has not responded to written discovery propounded by Defendant on July 1st;

- Plaintiff has not responded to a follow-up letter sent by Defendant's counsel on August 11th;

- Plaintiff has not designated or otherwise identified an expert witness who might testify to Plaintiff's alleged injuries, even though such a designation was due by August 15th;

- Plaintiff did not respond to a voice mail message from Defendant's counsel on August 27th; and

- In a telephone conversation with Defendant's counsel on September 2nd, Plaintiff acknowledged receiving the phone call of August 27th and the written discovery of July 1st, but offered no estimate of when he might respond—other than stating he would get to it "as soon as possible."

Plaintiff's response does not dispute any of the facts stated by Defendant; he does deny receiving written discovery, but it is unclear whether he refers to Defendant's propounded discovery, or Defendant's responses to discovery that Plaintiff may have propounded. Among other statements, Plaintiff appears to argue that he cannot respond because his legal documents are in his garage—which he says he is barred by court order from entering. He further appears to argue that he has been busy handling other legal matters, relating to his HOA and (apparently) at least two restraining orders against him.

Because Plaintiff did not dispute the essential facts as set forth in Defendant's Motion to Dismiss for Lack of Prosecution, the Court issued an Order to Show Cause (Docket No. 34). The Order to Show Cause ordered:

> that on **October 14, 2014, at 10:00 a.m.** in Courtroom A-502, fifth floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, plaintiff shall appear **IN PERSON** and show cause as to why this case should not be dismissed for failure to prosecute and for failure to obey a court order. At that time, Plaintiff shall provide both Defendant and the Court with a copy of his completed responses to Defendant's July 1, 2014, written discovery.

(*Id.*) Plaintiff did not appear at 10:00 a.m. on October 14, 2014; the Court granted a fifteen-minute grace period, and at 10:15 a.m., with no appearance by Plaintiff, proceeded to hold the Show Cause Hearing (Docket No. 35). The Court noted that there was no inclement weather that might explain Plaintiff's failure to appear. The

Court further noted that Plaintiff had not contacted chambers, that Plaintiff had not requested a continuance or other extension of time, and that no counsel had entered an appearance for Plaintiff.  Finally, counsel for Defendant reported having not received the ordered discovery and having had no contact with Plaintiff since Plaintiff's objection was filed on September 24, 2014.

The Court has taken judicial notice of the documents filed in Plaintiff's other cases in the District of Colorado.  Case Number 10-cv-02176 ended on the merits, on summary judgment against Plaintiff.  Case Number 12-cv-01634 was a suit against Defendant Sloan, and was dismissed for failure to effect service.  Case Numbers 13-cv-01650, 13-cv-01675, and 13-cv-03063 were dismissed against some defendants for failure to effect service, and against others for failure to state a claim.  Finally, Case Number 14-cv-01418 was summarily dismissed for failure to comply with a court order directing Plaintiff to file an amended complaint, and for failure to keep his address of record current.  The Court notes that the various defendants' costs have been taxed to Plaintiff several times, with no apparent deterrent impact.

Finally, the Court also notes that on September 11th, Plaintiff filed a notice of change of address under Case Number 13-cv-03063, advising the Court of the same address that he provided (but for an apparent scrivener's error) in his Objection to Defendant's motion in this case.

## **Legal Standards**

The Federal Rules of Civil Procedure provide

> **Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states

>otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Further, this District's Local Rules of Practice provide:

>**DISMISSAL**.  A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

"[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct."  Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).  "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant,' . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . and (5) the efficacy of lesser sanctions." Id. at 921.  "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."  Id.  Since the plaintiff is appearing pro se, the Court must also "assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right to access to the courts because of a technical violation." Id. at 920 n.3. "Dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits."  Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1144 (10th Cir. 2007) (internal quotations omitted).

6

## Discussion

The Ehrenhaus factors weigh in favor of dismissing this case with prejudice:

1. Plaintiff has actually prejudiced Defendant's ability to litigate this case by failing to respond to discovery, to make Rule 26(a) initial disclosures, to return phone calls or letters, or to otherwise participate in the litigation in any meaningful way;

2. Plaintiff has interfered with the judicial process through his failure to act;

3. There is no indication that culpability lies anywhere other than with Plaintiff;

4. Plaintiff was warned in this Court's Order to Show Cause that the case might be dismissed as a result of his lack of prosecution; and

5. Other sanctions appear to have no deterrent impact on Plaintiff.

Given Plaintiff's pattern of conduct, in this case and in others, it does not appear that lesser sanctions are appropriate.  The Court concludes that the aggravating factors outweigh the judicial system's interest in resolving this case on the merits.

## Recommendation

Based upon the foregoing, it is hereby RECOMMENDED that the Order to Show Cause (Docket No. 34) be made absolute and that Defendant's Motion to Dismiss for Failure to Prosecute (Docket No. 31) be GRANTED.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

7

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated:   October 14, 2014    s/ Michael J. Watanabe
         Denver, Colorado    Michael J. Watanabe
                                       United States Magistrate Judge